UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LAPORSHA WILLIAMS,                                    Docket #  20-cv-4790

                                      Plaintiff,                 **COMPLAINT**

                                v.                         Plaintiff Demands a Jury Trial

HALE & HEARTY SOUPS L.L.C.., and
RIGOBERTO MORALES, Individually,

                                     Defendants.
------------------------------------------------------------------------X

Plaintiff, LAPORSHA WILLIAMS by her attorneys SEKENDIZ LAW FIRM P.C., upon information and belief, complains of defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367, and under the laws of the City and State of New York, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated against based on her gender/transgender and retaliated against.

2. Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of sexual harassment, national origin and retaliation.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 42 U.S.C. §2000e et. Seq ;42 U.S.C. §12101 <u>et. Seq.</u>; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. Venue is proper in this district based upon the acts of discrimination, which occurred in New York County, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff is an individual, who is in the process of transitioning from Female to Male.

6. Plaintiff is an American Citizen.

7. Plaintiff is a resident of the State of New York, County of Bronx.

8. Plaintiff is a female to male transgender.

9. Plaintiff was an employee of the defendant HALE & HEARTY SOUPS L.L.C.

10. Defendant HALE & HEARTY SOUPS L.L.C.., was and still is a domestic corporation conducting business within the State of New York. (Hereinafter referred to as "HALE")

11. Defendant "HALE" was and is a domestic corporation duly authorized and existing under the laws of the State of New York.

12. Defendant "HALE" has offices at 90 Broad Street, New York, New York, 10004

13. Defendant "HALE" was and still is operating a commercial storefront at 745 7th Avenue, New York, NY 10019.

14. Defendant "HALE" is a restaurant chain, which primarily focuses on selling soups and salads.

15. TATIANA, was and still an employee of "HALE"

16. TATIANA was and still is a resident of the State of New York.

17. TATIANA was Plaintiff's supervisor.

18. TATIANA had authority to reduce Plaintiff's hours.

19. TATIANA, had authority to hire and fire Plaintiff at the time Plaintiff worked for "HALE."

20. The defendant RIGOBERTO MORALES was and still is an employee of 'HALE."

21. The defendant RIGOBERTO MORALES was Plaintiff's Manager.

22. The defendant RIGOBERTO MORALES had authority to supervise Plaintiff.

23. The defendant RIGOBERTO MORALES had authority to reduce Plaintiff's hours.

24. The defendant RIGOBERTO MORALES had authority to hire and fire Plaintiff at the time Plaintiff worked for "HALE."

## PROCEDURAL HISTORY

25. On or about February 3, 2020 Plaintiff filed a charge with the Equal Employment Opportunities Commission. ('EEOC")

26. Plaintiff's request for a right to sue letter is still pending.

**27.** This action was brought prior to EEOC issuing a Notice of Right to Sue letter.

## MATERIAL FACTS

28. On or about November 26, 2019, Plaintiff started working for "HALE"

29. Plaintiff's job title was "Soup Runner."

30. Plaintiff's hourly rate was $15.00 an hour.

31. Initially, Plaintiff was scheduled to work 35 hours a week.

32. Plaintiff's work hours were from 7:00am to 2:00pm Monday through Friday.

33. On or around December 2, 2019, Plaintiff's supervisor, TATIANA approached Plaintiff while Plaintiff was on the line serving soups to customers and asked: "Why did you start transitioning? Are you going to cut off your breasts? If any of my daughters were to come to me and tell me they want to be boys, I would not accept them." Plaintiff felt extremely uncomfortable by the TATIANA's discriminatory comments but tried keeping a positive attitude in the hopes that this was just a one-time isolated incident. As Plaintiff was clocking out on December 2, 2019, Plaintiff's supervisor TATIANA came near the lockers where Plaintiff was located and told Plaintiff that an old employee, who used to work at this location dated nobody but transgenders. TATIANA further added "If she were to be still working here, she would have been all over your body to get you." TATIANA then stated to Plaintiff that the ex- employee who worked there told TATIANA that transsexuals' private parts (genital organs) grow and then proceeded to ask the following questions to Plaintiff "How big is yours? Is it big? Is it small? Is it growing? Is it like a little pinky finger? Are you using a "strap on" when you are having sex?" Plaintiff disgusted of her supervisor TATIANA's comments and told her supervisor to stop harassing her. Mores specifically, Plaintiff said "Please stop harassing me. Leave me alone" before she left the room.

34. On December 3, 2019, one of the co-workers, Kierra Taylor, started exhibiting flirtatious behavior towards Plaintiff. More specifically, from the date Plaintiff started working at "HALEY" Kierra Taylor would tell Plaintiff and the other co-workers how cute Plaintiff was and would call Plaintiff her "boyfriend." Kierra Taylor would also stare at Plaintiff throughout all her shifts during Plaintiff's employment. Although, Plaintiff advised Kierra Taylor that she had a Partner, Kierra Taylor, continued looking

at Plaintiff in a sexually suggested manner. In or around December of 2009, Kierra Johnson somehow found Plaintiff on Instagram and Plaintiff blocked her to avoid any issues.

35. On or around, December 4 2019, Plaintiff's supervisor TATIANA asked Plaintiff "Why did you block Kierra? and Plaintiff explained to her because Plaintiff didn't want any problems with his girlfriend and TATIANA said "We are all straight, I know you are transitioning but we still see you as a girl." At this moment Plaintiff started to feel extremely uncomfortable and out of place so Plaintiff called his girlfriend and Plaintiff's girlfriend picked her up from work because of how emotional Plaintiff felt.

36. The following week TATAIANA said to Plaintiff: "Make sure your girlfriend does not come start trouble with Kierra or we will jump her."

37. On or around December 3, 2019, as Plaintiff was serving soups the general manager RIGOBERTO MORALES walked past by Plaintiff touching, poking Plaintiff on the side of Plaintiff's body. At first Plaintiff thought it was an accident, so Plaintiff ignored it. However, from December 3, 2019 until Plaintiff's constructive discharge, Plaintiff's general manager RIGOBERTO MORALES would touch on the side of Plaintiff's body whenever he was passing by Plaintiff despite Plaintiff's objections. More specifically, the general manager RIGOBERTO MORALES touched the sides of Plaintiff's buttocks daily.

38. On or around December 5, 2019 and after Plaintiff's objected to her General Manager RIGOBERTO MORALES' touching her on the side of her buttocks RIGOBERTO MORALES told Plaintiff that she could lose her job because she was slow.

RIGOBERTO MORALES used Spanish words during this conversation knowing that Plaintiff did not speak or understand Spanish.

39. In or around December of 2019, one day when Plaintiff was getting ready to go home general manager RIGOBERTO MORALES used his hands as a gun and pushed Plaintiff against the bathroom door and said "Your life or your money" More specifically, RIGOBERTO MORALES pushed up his entire body against Plaintiff's body and pinned the Plaintiff between his body and the entire bathroom door. Plaintiff left the work and started crying because of the sexual harassment, assault, and battery, which she was subjected to.

40. In or around December of 2019, Plaintiff's supervisor TATIANA and his general manager RIGOBERTO MORALES sent Plaintiff to different stores to pick up items they needed for the store and out of the entire employees, they only sent Plaintiff to pick up items from other stores. When Plaintiff was in the store TATIANA and RIGOBERTO MORALES would watch Plaintiff and scream out "Josiah move faster" to harass Plaintiff.

41. On or around, December 30, 2019, Plaintiff's supervisor TATIANA and Plaintiff's general manager RIGOBERTO MORALES pulled Plaintiff to the side and told Plaintiff that he was going to be losing his job because Plaintiff worked "Nonchalant" and they sent Plaintiff early for no apparent reason.

42. On or about January 2, 2020, Plaintiff told his general manager RIGOBERTO MORALES that her supervisor TATIANA was discriminating against her for Plaintiff's gender preferences and that she had been making sexually inappropriate comments RIGOBERTO MORALES told Plaintiff to go and talk to Human Resources. Plaintiff's

general manager RIGOBERTO MORALES decided to send Plaintiff home early that day too. However, as Plaintiff was getting ready to leave, RIGOBERTO MORALES came by the lockers area and told Plaintiff "You are lucky there are cameras here" just before he started to push Plaintiff's head down punching her on the sides and stomach indicating "Let's 'Jump him. Let's jump him" assaulting and battering Plaintiff.

43. On or about January 6, 2020 when Plaintiff came back to work, he noticed that her work hours were reduced from 35 hours a week to 25 hours a week and a new general manager by the name of Elizabeth was in charge. As soon as Plaintiff walked in the new general manager Elizabeth started to clap her hands speaking in Spanish all of the Plaintiff's co-workers, who were able to speak Spanish laughed. Plaintiff walked into the bathroom locked herself in and called Human Resources department and complained about the harassment and the discrimination, which she was exposed to at work. A human resources employee by the name of John told Plaintiff that her new manager Elizabeth was going to be holding a meeting with Plaintiff's supervisor, which did not occur. Plaintiff went home and had a mental breakdown and suicidal thoughts. The next day, Plaintiff had a meeting with a Human Resources employee by the name of Kim, who advised Plaintiff that the only thing she could do is to move Plaintiff to another location. The location, which Human Resources offered to Plaintiff was an undesirable location in that Plaintiff had to travel more distance to get to the work even though defendants had many other locations closer to Plaintiff's house. Plaintiff felt he was not wanted.

44. Upon information and belief Elizabeth and Plaintiff's co-workers knew that Plaintiff was unable to communicate in Spanish.

45. On or about January 9, 2020 Plaintiff was constructively discharged from his position.

46. Plaintiff's work performance was above average during his employment with defendant "HALEY."

47. Defendant "HALEY" reduced Plaintiff's hours because Plaintiff complained of sexual harassment and discrimination.

48. Defendant RIGOBERTO MORALES reduced Plaintiff's hours because Plaintiff complained of sexual harassment and discrimination.

49. Defendant reduced Plaintiff's hours because Plaintiff complained of sexual harassment and discrimination.

50. Defendant "HALEY" failed to take necessary precautions to prevent TATIANA and RIGOBERTO MORALES from sexually harassing and discriminating against Plaintiff because of Plaintiff's gender preferences.

51. Defendant "HALEY" failed to take necessary precautions from preventing RIGOBERTO MORALES from assaulting and battering Plaintiff because of Plaintiff's gender preferences.

52. Defendant "HALEY" discriminated against Plaintiff because of her gender and because she is a transgender.

53. Defendant "TATIANA" discriminated against Plaintiff because of her gender and because she is a transgender.

54. Defendant "RIGOBERTO MORALES" discriminated against Plaintiff because of her gender and because she is a transgender.

55. Defendant "RIGOBERTO MORALES" and "ELIZABETH" discriminated against Plaintiff because of Plaintiff's national origin. They communicated with the Plaintiff knowing that Plaintiff was unable to speak Spanish.

56. Defendants actions and conduct were intentional and intended to harm the Plaintiff.

57. After Plaintiff protested to Defendants, Plaintiff became the subject of discriminatory retaliation by Defendants.

58. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

59. Defendants' discriminatory comments and actions created a hostile working environment, which no reasonable person would tolerate.

60. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff suffered severe emotional distress and physical ailments.

61. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

62. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

63. As Defendants' conduct has been willful, outrageous, malicious, Plaintiff also demands punitive damages against Defendants.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

64. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, religion, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

66. Defendant "HALE" engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sexual orientation, gender and national origin.

67. Defendant "RIGEBERTO MORELES" engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's gender, sexual orientation, national origin.

68. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

71. Defendants "HALE" and "RIGERERTO MORELES" engaged in an unlawful discriminatory practice by reducing her hours, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of defendants.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, religion, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

74. Defendant "HALE" engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's sexual orientation, gender (sexual harassment) and national origin.

75. Defendant "RIGERBERTO MORELES" engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's sexual orientation, gender (sexual harassment), national origin.

76. Plaintiff hereby makes a claim against Defendant "HALE" and "RIGERBERTO MORELES" under all of the applicable paragraphs of New York City Administrative Code Title 8.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

77. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice:

> ""It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter (iii) ……"

79. Defendant "HALE" engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

80. Defendant "RIGEBERTO MORALES"" engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

82. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor. Provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
> (1) the employee or agent exercised managerial or supervisory responsibility; or
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

83. Defendant "HALE" violated the above section as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII AGAINST "HALE"

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

85. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

    (a) It shall be an unlawful employment practice for an employer -

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

86. Defendant "HALE" engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by actually harassing and reducing work hours of Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of Plaintiff's gender/sexual orientation and sexual harassment.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII AGAINST "HALE"

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or

    participated in any manner in an investigation, proceeding, or hearing under this subchapter."

89. Defendant "HALE" engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

<b><u>AS A SEVENTH CAUSE OF ACTION FOR ASSAULT AND BATTERY<br>AGAINST RIGOBERTO MORALES ONLY</u></b>

90. Plaintiff repeats and realizes each and every allegation made in this complaint as if they were set forth herein fully at length.

91. That the aforesaid occurrence and resulted in injuries to plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant RIGOBERTO MORALES, suddenly and without provocation did physically assault and batter plaintiff herein and did cause unwelcomed contact, causing the Plaintiff to sustain damages.

92. By reason of the foregoing, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts in which this action may otherwise have been brought.

93. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

94. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

<b><u>AS AN EIGHT CAUSE OF ACTION FOR NEGLIGENT<br>SUPERVISION/RETENTION AGAINST "HALE."</u></b>

95. Plaintiff repeats, reiterates and realleges the allegations set forth in the paragraphs above as if set forth fully herein and at length.

96. That defendant employer negligently hired and/or retained defendant employee RIGOBERTO MORALES, with knowledge of defendant employee's propensity for the type of behavior which resulted in plaintiff's injuries in this action.

97. That defendant employer negligently placed the defendant employee RIGOBERTO MORALES in a position to cause foreseeable harm, which most probably would not have occurred had the employer taken reasonable care in the hiring of employees.

98. That defendant employer negligently hired and/or retained defendant employee RIGOBERTO MORALES , negligently placed defendant employee RIGOBERTO MORALES in a position to cause foreseeable harm, which plaintiff would not have been subjected to had defendant employer  taken reasonable care in supervising or retaining the defendant employee RIGOBERTO MORALES.

99. That defendant employer knew or should have known of the defendant employee RIGOBERTO MORALES' propensity for the conduct that caused Plaintiff's injuries.

100. That defendant employer negligently failed to properly train and/or supervise defendant employee RIGOBERTO MORALES.

101. That as a result of the foregoing plaintiff was seriously, physically and mentally injured.

102. That said occurrence and the resulting injuries to plaintiff were caused solely and wholly by reason of the negligence and carelessness of defendant employer in the ownership, operation, management, maintenance, control, security and supervision of the premises and employees within the premises.

103. That as a result of the foregoing, plaintiff was injured solely and wholly as a result of the negligence, carelessness and recklessness of the defendants RIGOBERTO

MORALES and "HALE" and/or each of them, without any negligence on the part of the Plaintiff contributing thereto.

104. That by reason of the foregoing, Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts in which this action may otherwise have been brought.

105. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

106. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

## INJURY AND DAMAGES

107. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, back pay and front pay, emotional pain, physical pain and suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

Plaintiff hereby demands a jury of all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by Title VII, state common law, New York State Executive Law §296 et. Seq. and The New York City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendant harassed, Discriminated against, constructively discharged, and retaliated against Plaintiff on the basis of sexual orientation and sexual harassment; and that the defendant RIGOBERTA MORALES assaulted and battered Plaintiff.

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages, past and future, and benefits resulting from Defendants' unlawful constructive termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:   New York, NY
         June 22, 2020

By: _____s/Ismail S Sekendiz/_____

Ismail S. Sekendiz (IS-0509)
Attorneys for Plaintiff
45 Broadway Suite: 1420
New York, NY 10006
(212) 380-8087