UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAPORSHA WILLIAMS,                                          :

                                                                :   ORDER
                       Plaintiff,                              20 Civ. 4790 (PGG) (GWG)
                                                             :

    -v.-

                                                                 :
HALE & HEARTY SOUPS L.L.C., et al.,
                                                                 :

                      Defendants.                                 :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      With respect to the discovery disputes (Docket ## 22, 23), almost a month has passed since the parties submitted their letters.  The original letters suggested that defendants may ultimately produce at least some of the documents sought.  The parties are directed to confer again by telephone in an effort to resolve any disputes.  At the conference, the parties shall discuss each issue in detail making all efforts to reach a reasonable agreement as to that issue.  If any disputes remain, they shall be presented in the form of a jointly composed letter that describes each dispute in detail and provides the opposing party's position as to that dispute in detail.  Before filing such a letter, each side must be given an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute.  Also, each side must make itself available to consult telephonically with opposing counsel as part of the composition process.  The Court notes that if such a letter is filed, the Court may decide any disputes based on the letter.

      As to plaintiff's request to amend the complaint, the Court notes that the availability of discovery as to instances of discrimination involving other individuals is not dependent on whether the complaint contains a "pattern-or-practice" claim.  Depending on the nature of the conduct and the location/parties that engaged in it, it may (or may not be) discoverable as to plaintiff's own claim.  In any event, with regard to the request to amend itself, it is not necessary at this time to reach defendants' arguments as to untimeliness or lack of connection.  The Second Circuit has squarely held that "[a] pattern or practice case is not a separate and free-standing cause of action . . . , but is really merely another method by which disparate treatment can be shown." U.S. v. City of New York, 717 F.3d 72, 83 (2d Cir. 2013) (quoting Chin v. Port Authority of N.Y. & N.J., 685 F.3d 135, 148-49 (2d Cir. 2012)).  Thus, a complaint cannot be

amended to add a free-standing pattern and practice claim, as it appears plaintiff seeks to do. See, e.g., Rambarran v. Mt. Sinai Hosp., 2008 WL 850478, at *8 (S.D.N.Y. Mar. 28, 2008).[1]

SO ORDERED.

Dated: January 14, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] That being said, the Court recognizes that the issue has not been briefed and thus plaintiff has not had a chance to respond to defendants' arguments. If plaintiff wishes to pursue this issue by formal motion, she has leave to file a motion to amend the complaint on or before January 21, 2021, in conformity with Local Civil Rule 7.1(a) and the Court's Individual Practices. An unsigned copy of the proposed amended complaint must be attached. The setting of this deadline is not intended to affect defendants' ability to argue that the motion is otherwise untimely.